liCANNELLA, Judge,
concurring.
I concur in the result reached by the majority insofar as it affirms the trial court ruling which grants the summary judgment in favor of David. However, I do not agree with the majority that GNO has no standing to file the petition to annul nor do I ascribe to any part of the decision that could be read as an opinion by this court as to whether the David judicial mortgage or the GNO mortgage is the priming encumbrance.
GNO has standing to file the instant action to annul by virtue of its security interest in the property on which it holds a mortgage. The validity of a judicial mortgage which might be held to prime its mortgage is of great importance to GNO. GNO is subject to lose the security for its loan, thereby giving it sufficient interest to bring the suit to annul.
Which mortgage primes and what liability attaches to GNO for not discovering the judicial mortgage are separate aspects of the ease. However, the only question presented here is whether the trial court was correct in granting the summary judgment in favor of David and dismissing GNO’s suit to annul the default judgment of David against Gay. I agree with the result reached by the district court and affirmed |2herein because the facts of this case indicate that the debtor has acquiesced in the judgment and could not himself have the judgment annulled. Therefore, GNO should not succeed in its suit to have the judgment annulled.
However, I note that the result reached herein should not be read as addressing the question of whether the GNO mortgage or the David judicial mortgage is the priming encumbrance on the property Gay purchased with the GNO loan proceeds. The judgment in favor of David was rendered on July 13, 1990, signed on September 5, 1990 and recorded on October 1, 1990. On May 9, 1994 the GNO mortgage was created and recorded. On July 20, 1994 Gay partially acquiesced to the default judgment by the execution against Hibernia. On November 23, 1994 Gay further acquiesced to the default judgment by affidavit. It is significant that both of these acquiescences occurred after GNO filed its mortgage in the public records. Thus, GNO’s mortgage was filed in the public records before the debtor acquiesced in the absolutely null default judgment. But, the *1085 issue of which encumbrance primes is not before the court herein. If David attempts to execute on his judgment by seizing the property encumbered by the GNO mortgage, or if GNO brings suit for declaratory judgment, then and only then would the issue be . before the court for consideration.
Accordingly, I concur in the result reached by the majority but do not concur in any language in the opinion that might be read to indicate the court’s position on which encumbrance primes. I disagree with those expressions and find them to be dicta in the case in its present posture.